**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| COY PATRICK CROWE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NUMBER **CV-01-C-2990-M** |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al. | ) ) ) | |
| Defendants. | ) ) ) ) | |

**ENTERED** *kc*

JAN - 5 2004

**MEMORANDUM OPINION GRANTING IN PART AND**
**DENYING IN PART DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Pending before this Court are Defendants' Motion for Summary Judgment. Based on the evidence presented, the Motion will be GRANTED in part and DENIED in part.

**I. FACTS**

The Plaintiff in this case, Mr. Crowe, was and remains incarcerated at the St. Clair Correctional Facility at Springville, Alabama. He is a convicted felon, serving a life sentence without the possibility of parole. Plaintiff was and is in the custody of the Alabama Department of Corrections (ADC). The events giving rise to this case occurred on February 3, 2001.

On February 3, 2001, Plaintiff was in a single-cell placement/close custody, and was housed in H1 Unit, Cell 6. On said date, Kenneth Fletcher (Fletcher) and Defendant Carolyn O'Brian (O'Brian) were assigned as rovers for the segregation unit on second shift, which runs from 2:00 p.m. to 10:00 p.m. Gary Malone was the shift supervisor for segregation and

1

population.

It is undisputed that on February 3, 2001, Plaintiff, during a shakedown, was handcuffed,[1] and he was struck in the face by Fletcher, after the two men had exchanged words. The blow knocked Plaintiff down, and he was immediately kicked by Fletcher. As a result of the beating, Plaintiff suffered injuries to his face and to his ribs that required him to be taken to the infirmity.

O'Brian was present at the time of the incident. Other inmates, according to Plaintiff, recalled O'Brian blocking the view of the beating. Malone, as shift supervisor, was responsible for supervising Fletcher and O'Brian. At the time of the incident, Archie Garrett (Garrett) was and remains the assistant warden and acting warden of the St. Clair Correctional Facility. Michael Haley (Haley) was and is the Commissioner of the ADC, and Paul Sides (Sides) was and is the Director of the ADC Investigations and Intelligence Division.

## II. APPLICABLE LAW

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, it is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). The reviewing court must view the facts in a light most favorable to the non-moving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

All individual defendants argue that they are entitled to qualified immunity on Plaintiff's § 1983 claims. Public officials performing discretionary functions are entitled to qualified immunity, provided their conduct does not violate "clearly established federal statutory or constitutional rights of a which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818

---

[1] Defendants assert this is pursuant to procedure to begin a shakedown. The inmate is directed to approach the cell door and place his hands to the cell door slot to be handcuffed.

(1982).  Officials' conduct may be determined to be violative of "clearly established" law if it was such that ought to have given them fair warning that their actions were unconstitutional.  *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

## III.  ANALYSIS

### A.  Alabama Department of Corrections

Defendant ADC maintains that it is shielded from liability under the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 167 (1983).  As an arm of the State of Alabama, the ADC is not amenable to suit.  *See Miccosukee Tribe of Indians of Florida v. Florida State Athletic Com'n.*, 226 F.3d 1226, 1231 (11th Cir. 2000); *Stevens v. Gay*, 864 F.2d 113 (11th Cir. 1989).  Accordingly, summary judgment is warranted on Plaintiff's claim against the ADC.

### B.  O'Brian

A police officer, or a correctional officer, who fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, may be liable under § 1983.  *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986).  In order to be liable, the non-intervening officer must have had a realistic and reasonable opportunity to intervene.  *Id.*  Furthermore, liability only exists if the non-intervening officer saw the beating or had time to reach the offending officer.  *See Jackson v. Sauls*, 206 F.3d 1156, 1174 (11th Cir. 2000).

Defendant O'Brian is not entitled to qualified immunity as to Plaintiff's claim against her.  She contends that her action in calling for help was a reasonable response to the situation, because Fletcher was much larger than she.  However, O'Brian's job is to control prisoners, many of whom are larger than she is.  Furthermore, other inmates recalled O'Brian blocking the view of the incident, apparently concealing the incident rather than attempting to thwart it.

3

Therefore, there is a genuine dispute as to O'Brian's role in the beating of the Plaintiff, making summary judgment inappropriate as to Plaintiff's claim against her.

## C. Malone/Garrett

Although Defendants Malone and Garrett did not personally participate in the beating of Plaintiff, they can, nevertheless, be liable under § 1983 if Plaintiff establishes that they were grossly negligent in supervising subordinates or exhibited deliberate indifference by failing to act on information indicating unconstitutional acts were occurring. *See City of Canton v. Harris*, 489 U.S. 378 (1989); *see also Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985).

Defendants Malone and Garrett are not entitled to qualified immunity on Plaintiff's claims because they were aware of the substantial risk posed to the health and safety of the inmates at the St. Clair Correctional Facility.  First, the evidence shows two lawsuits filed by inmates at the St. Clair Correctional Facility, where Defendants Malone and Garrett witnessed the use of excessive force by correctional officers and did nothing to intervene to the protect the victims.  One of the cases, *Shirley v. Jones, et al*, Case Number CV 99-22-M (N.D. Ala. March 26, 2002), involved an inmate blind-folded, forced to stand on a chair, an electric cord wrapped around his neck, and asked if he had anything to say before he died.  While Malone denied having any direct involvement in the incident, he was, nevertheless, present.

Another case, *Reed v. Bailey, et al*, Case Number CV 00-2968-M (N.D. Ala. January 30, 2003), involved an inmate being beaten by a correctional officer.  The suit included a retaliation claim against, among others, Defendant Garrett.  Additionally, there is evidence of another incident where correctional officers dropped two inmates from a gymnasium ceiling, handcuffed

4

them, and beat them. (*See* Kenneth Dalton letter, Pla. Ex. H.) Finally, Fletcher's and O'Brian's personnel records are telling proof that Defendants were aware of the propensity for violence at the correctional facility. Indeed both Fletcher and O'Brian had been disciplined for assaulting an inmate; Fletcher has been disciplined a total of 16 times and suspended from work eight times. (*See* Fletcher's and O'Brian's Disciplinary Record, Pla. Ex. E, F.)

Based on the evidence, Defendants Malone and Garrett were on notice of Fletcher's and O'Brian's propensity to use excessive force. Accordingly, they are not protected by qualified immunity, and summary judgment will be denied.

**D. Haley/Sides**

Based on the evidence of record, Defendants Haley and Sides are entitled to qualified immunity on Plaintiff's claims against them. Therefore, summary judgment is proper as to those claims.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment will be GRANTED IN PART and DENIED IN PART by separate order.

DONE this 31st day of December, 2003.

_____
Chief United States District Judge
U.W. Clemon